UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                               Case No.

APPROXIMATELY $35,860.00
IN U.S. CURRENCY,

     Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.     This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $35,860 in United States currency seized on April 13, 2023 from Felix Ignacio Perocier-Cabo (Perocier-Cabo) in Sarasota, Florida (the Defendant Currency).

## JURISDICTION AND VENUE

2.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over forfeiture actions.

3.      This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because pertinent acts giving rise to the forfeiture occurred in the Middle District of Florida.

4.      Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1395(b) because the Defendant Currency was found in the district.

## THE DEFENDANT *IN REM*

5.      The Defendant Currency consists of approximately $35,860 in United States currency seized by law enforcement on April 13, 2023 in Sarasota, Florida.

6.      Law enforcement seized the Defendant Currency because they determined that there was probable cause to believe that the Defendant Currency constituted: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

7.      The Drug Enforcement Administration (DEA) took custody of the Defendant Currency after the seizure. On or about April 19, 2023, the Defendant Currency was electronically transferred to the United States Marshals Service. The Defendant Currency remains in the government's custody.

8.      As set forth in Supplemental Rule G(3)(b)(i), because the Defendant Currency is in the government's possession, custody, or control, the Clerk of Court must issue a warrant to arrest the Defendant Currency.

## BASIS FOR FORFEITURE

9.      The Defendant Currency is subject to forfeiture to the United States

pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money furnished or

intended to be furnished by a person in exchange for a controlled substance in

violation of the Controlled Substances Act; (2) proceeds traceable to such an

exchange; or (3) money used or intended to be used to facilitate a violation of the

Controlled Substances Act.

## FACTS

10.     The facts and circumstances supporting the forfeiture of the Defendant

Currency have been provided by DEA Special Agent Christopher J. Murray.

### Perocier-Cabo's Prior Federal Drug Conviction

11.     On January 29, 2009, Perocier-Cabo plead guilty in the United States

District Court, for the District of Puerto Rico, to the federal felony offense of

Possession with Intent to Distribute five kilograms or more of cocaine, in violation of

21 U.S.C. § 841(a)(1) (a kilogram is approximately 2.2 pounds and a kilogram of

cocaine sells for between $20,000 and $30,000 wholesale). On June 16, 2009,

Perocier-Cabo was sentenced to 10 years in federal prison, followed by a five-year

term of supervised release.

### Seizure of the Defendant Currency

12.     Beginning in February of 2023, law enforcement began observing an

Acura SUV and an Acura sedan registered to Perocier-Cabo's mother traveling

between the Orlando and Ft. Myers areas.

13.     On the evening of April 13, 2023, law enforcement observed the Acura SUV registered to Perocier-Cabo's mother traveling from the Orlando area to Southwest Florida. Later that evening, law enforcement observed the Acura traveling northbound on I-75.

14.     Law enforcement stopped the Acura as it travelled northbound near Mile Marker 199 on I-75.

15.     Upon approaching the vehicle, a law enforcement officer smelled marijuana coming from the vehicle.

16.     Perocier-Cabo was the driver and sole occupant of the vehicle. When asked, Perocier-Cabo said he did not have a Florida Medical Marijuana Use Registry card.

17.     Perocier-Cabo consented to a search of the Acura.

18.     Law enforcement searched the vehicle and found one vacuum-sealed bag containing multiple bundles of U.S. currency hidden inside the trunk of the vehicle. In total, law enforcement officers found and seized $35,860 in U.S. currency.

19.     Law enforcement officers questioned Perocier-Cabo as to the origin of the money and the circumstances surrounding his travel.

20.     Perocier-Cabo said that he went to Fort Myers from Orlando to visit a friend named "Jose" for approximately 30 minutes and that the money was his "spending money."

4

21.     A law enforcement officer used a narcotics detection dog who conducted a free-air sniff of the vehicle. The dog was trained to detect the odor of six controlled substances: marihuana, cocaine HCL, cocaine base, heroin, methamphetamine, and MDMA. A positive alert by a properly trained dog indicates that the vehicle had either been handled by someone who had trace amounts of a controlled substance on their hands, or had recently been in close proximity to a controlled substance.

22.     The dog provided a positive alert to the odor of narcotics within the vehicle. No drugs were located inside the vehicle.

23.     Law enforcement located six cell phones inside the vehicle, and one additional cell phone on Perocier-Cabo.

24.     Perocier-Cabo provided law enforcement with the passwords and consent to the search several of the cell phones.

25.     While searching the cell phones, law enforcement officers found pictures that, based on their training and experience, they believe depicted kilograms of cocaine—or "bricks." Drug traffickers shape cocaine powder into bricks to make them easier to transport, count, and sell. Typically, a brick of cocaine weighs one kilogram. Two photos of the bricks are shown below.

 

26.    Law enforcement officers also identified a telephone number for a contact listed as "Fort Myers" in one of the cell phones. Perocier-Cabo had been in contact with this telephone number earlier that evening. Josue Iraola-Santiago (Iraola-Santiago), who resides in Cape Coral, Florida, was identified as the user of the telephone number listed for "Fort Myers". Cape Coral is approximately nine miles from Fort Myers.

27.    Law enforcement seized the Defendant Currency, believing the cash to be drug proceeds.

### Search of Iraola-Santiago and His Residence

28.    On the morning of April 14, 2023, law enforcement officers observed Iraola-Santiago ("Fort Myers") arrive at his Cape Coral residence in a black GMC Sierra truck.

29.    Iraola-Santiago went into the residence briefly before returning to the vehicle and departing.

30.     Law enforcement officers stopped the GMC truck.

31.     Iraola-Santiago attempted to flee and was restrained by law enforcement.

32.     Law enforcement searched the vehicle and found approximately 79 grams (nearly 3 ounces) of cocaine in the center console compartment of the vehicle. The cocaine was in three bags and the amount of cocaine seized was more than a "personal use" amount. The amount and packaging suggest the cocaine was intended for distribution.

33.     Law enforcement obtained a search warrant to search Iraola-Santiago's residence. During the search of the residence, law enforcement officers found and seized $33,670 in U.S. Currency and approximately 392.2 grams of cocaine inside a vacuum-sealed bag.

34.     Law enforcement also found an additional 36.6 grams of cocaine, several scales, a Glock firearm and magazine, and two additional Glock magazines with 12 rounds of ammunition. Scales are used by drug traffickers to weigh controlled substances. Firearms are tools of the illegal drug trade since those engaged in trafficking often have valuable drugs and/or large amounts of currency in their possession. This makes drug traffickers targets for robbers. Drug traffickers are reluctant to call the police if they are robbed. Therefore, they must rely on self-help.

## October 6, 2023 Traffic Stop and Hidden Compartment

35.     On October 6, 2023, law enforcement officers stopped a black Ford Escape registered to and being driven by Perocier-Cabo. The vehicle was stopped for

multiple traffic infractions.

36.     Law enforcement officers used a drug detection dog to conduct an exterior vehicle sniff. The dog was trained to detect the odor of six controlled substances: marihuana, cocaine HCL, cocaine base, heroin, methamphetamine, and MDMA.

37.     The properly trained narcotics detection dog positively alerted to the presence of the odor of drugs. A positive alert by a properly trained dog indicates that the vehicle had either been handled by someone who had trace amounts of a controlled substance on their hands, or had recently been in close proximity to a controlled substance.

38.     While conducting the search, law enforcement located a hidden compartment in the vehicle. These types of compartments are often used by drug traffickers to hide and transport drugs, money, or illegal items.

## CONCLUSION

39.      In sum, (1) Perocier-Cabo's prior drug conviction; (2) the sheer quantity of cash; (3) the manner in which the cash was stored and hidden; (4) the narcotic detection dog's positive alert to the odor of illegal narcotics within the vehicle; (5) Perocier-Cabo's connection to Iraola-Santiago; and (6) the cash and cocaine seized from Iraola-Santiago's residence and vehicle support a finding that the Defendant Currency is connected to a controlled substance violation.

40.     As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the United States will be able to meet its burden of

proof at trial to show, by a preponderance of the evidence, that the Defendant Currency constitutes (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supplemental Rule G, United States of America requests that this Court initiate a process of forfeiture against the Defendant Currency; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Currency be forfeited to the United States for disposition according to the law; and that the United States be granted such other and further relief as this case may require.

Dated: November 8, 2023          Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney


By:     *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## **VERIFICATION**

I, Christopher J. Murray, hereby verify and declare under penalty of perjury, that I am a Special Agent with the Drug Enforcement Administration (DEA), and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other law enforcement agents.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November, 2023.

Christopher J. Murray
Special Agent
Drug Enforcement Administration