UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No: 8:23-cv-2552-CEH-SPF

APPROXIMATELY $35,860.00 IN
U.S. CURRENCY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Government's Motion to Strike Answer for Lack of Statutory Standing and for Default Judgment (Doc. 24), filed on March 1, 2024. In the motion, the Government requests the Court enter an Order striking Felix Perocier Cabo's ("Perocier Cabo") Answer and Affirmative Defenses (Doc. 14) and enter a default judgment of forfeiture of the Defendant Currency. Perocier Cabo filed a response in opposition (Doc. 27). Pursuant to the Court's Order directing a reply, the Government filed a reply on June 18, 2024 (Doc. 30). The Court, having considered the motion and being fully advised in the premises, will grant, in part, the Government's Motion to Strike Answer for Lack of Statutory Standing and for Default Judgment and permit Perocier Cabo to file an amended claim and answer.

**I.    BACKGROUND**

This is an action in which the Government seeks forfeiture of $35,860.00 in U.S. currency that was seized by law enforcement from Perocier Cabo on April 13, 2023 in

Sarasota County, Florida.[1] On December 18, 2023, the Government sent notice of this forfeiture action and instructions on filing a claim to all known parties with a potential interest in the Defendant Currency, including Perocier Cabo. Doc. 24 at 2. Perocier Cabo and his counsel received notice of the forfeiture action on December 19, 2023. *Id.* at 3. The notice stated that if Perocier Cabo wished to assert an interest in the property subject to forfeiture, a verified claim had to be filed within thirty-five days after the notice date, or by January 22, 2024. *Id.* The notice also stated that, if a verified claim was filed, an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed within twenty-one days after the filing of the verified claim. *Id.* On January 3, 2024, Perocier Cabo's counsel moved for a ten-day extension of time to file a responsive pleading, which the court granted. *Id.* Perocier Cabo, through his counsel, filed an Answer and Affirmative Defenses (Doc. 14) on January 12, 2024. *Id.* However, the Government argues that Perocier Cabo has not filed a timely verified claim, which was due thirty-five days after Perocier Cabo received notice of the forfeiture action, as outlined in the notice itself. *Id.* at 3-5. The Government explains that it gave Perocier Cabo's counsel multiple reminders and opportunities to file a verified claim and provided email documentation from February 2024 in support. Doc. 24-1.

In response, Perocier Cabo argues that by filing a motion for return of property and attesting under oath to being the owner of the property in question, he has

---

[1] For additional factual context, see the Court's background section of its June 13, 2024 Order (Doc. 29 at 1–4).

complied with the requirements of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). Doc. 27 at 7. Perocier Cabo requests the Court take judicial notice that on February 20, 2024, Perocier Cabo filed a Motion for Return of Property, and attached to his motion a "Verified Claim." *Id.* at 8 (referencing Doc. 21 at 8).

Because the Government's motion did not acknowledge the "Verified Claim" signed by Perocier Cabo on February 19, 2024, and attached to his Motion for Return of Property, the Court directed a reply by the Government. *See* Doc. 28. The Government filed a reply on June 18, 2024, stating that "Claimant Felix Perocier Cabo's Verified Claim" (Doc. 21 at 8) does not meet the requirements for a verified claim because it fails to "sufficiently state his interest in the defendant property." Doc. 30 at 1. The Government explains that the Supplemental Rules are silent as to the detail required for a statement of interest, and therefore, the Federal Rules of Civil Procedure apply because a claim of interest is a form of pleading. *Id.* at 3. Applying the Rules of Civil Procedure, the Government argues that Perocier Cabo's claim is a conclusory assertion of ownership and such bald assertions do not meet the statutory standing requirements. *Id.* at 4-7.

II.   **LEGAL STANDARD**

To move forward in a forfeiture action, a claimant must demonstrate both Article III standing and statutory standing. *See United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543–44 (11th Cir. 1987). Article III standing requires a claimant to demonstrate a sufficient interest in the property to establish that a "case or controversy" exists in the constitutional sense, capable of adjudication in the federal

courts. *Id.* at 1543. Statutory standing requires meeting the applicable statutory requirements. The rules pertaining to civil forfeiture proceedings are set forth in 18 U.S.C. § 983 and in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. In relevant part, 18 U.S.C. § 983 provides that any person claiming property seized in a nonjudicial civil forfeiture must file a claim that identifies the specific property being claimed; states the claimant's interest in such property; and is made under oath, subject to penalty of perjury. 18 U.S.C. § 983(a)(2)(A), (C).

The Eleventh Circuit has emphasized that a claimant must comply strictly with the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action. *United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004). Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims states, "Unless the court for good cause sets a different time, the claim must be filed by the time stated in a direct notice sent under Rule G(4)(b)." FRCP SUPP AMC Rule G(5)(a)(ii)(A). Rule G of the Supplemental Rules also identifies four requirements of a verified claim: (1) identification of specific property claimed; (2) identification of the claimant and statement of claimant's interest in the property; (3) signature by the claimant under a penalty of perjury; and (4) service on a Government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). *Id.* at G(5)(a)(i).

### III. DISCUSSION

**A. Good Cause Exists for Claimant Perocier Cabo's Verified Claim Being Filed on February 20, 2024**

A district court may require claimants in forfeiture proceedings to strictly adhere to the rule's requirements regarding claims; however, because forfeiture is a "harsh penalty," especially when it results from technical and procedural errors, amendments or extensions may be permitted. *United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004). The Eleventh Circuit has identified the following factors the district court should consider in deciding whether to exercise its discretion to extend the time of filing for a verified claim:

> [T]he time the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in [the] defendant [currency] before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.

*Id.* at 1329 (citation omitted).

The district court should also consider the amount of currency seized when considering the above factors. *Id.* Additionally, the Eleventh Circuit has held that granting leave to amend a claim that was both verified and timely filed would not undermine the goals of Supplemental Rule G. *Id.* at 1329–30.

The claim filed on February 20, 2024 was timely. *See* Doc. 21 at 8. Although the notice of the forfeiture proceedings sent to Perocier Cabo identified a thirty-five-day deadline for filing a claim, the Government essentially offered an extension up to February 20, 2024, when stating in an email sent on February 15, 2024, "You still haven't filed the required claim. If you don't file one by February 20, 2024, we will file

a motion to strike your answer." *See* Doc. 24-1. Therefore, the Court finds that Perocier Cabo and his counsel acted in good faith reliance on the Government's February 2024 email reminders to submit the claim, even though it was past the January 22, 2024 deadline outlined by the notice.

The Court has also considered the factors identified in *United States v. $125,938.62*, *see* 370 F.3d at 1329, to determine if it should exercise its discretion to extend the time for filing a claim. The factors do not decisively favor either party, but largely due to Perocier Cabo's awareness of the seizure on the date it occurred and his failure to request an extension of time from the Court, the factors slightly favor the Government. However, since the Government was granted a similar extension of time based on a comparable good faith reliance, the Court grants an extension for filing the claim, making Perocier Cabo's February 20, 2024 filing timely. *See* Doc. 29.

**B. Perocier Cabo's Statement of Interest is Insufficient to Establish Statutory Standing for the Forfeiture Proceeding**

"Bald" or "blanket" assertions of ownership are insufficient to state a claim of interest in forfeiture proceedings. *See United States v. $67,500.00 in U.S. Currency*, No. 8:11-CV-2751-EAK-AEP, 2012 WL 1372186, at *1 (M.D. Fla. Apr. 16, 2012) (Porcelli, J.); *U.S. v. $70,670.00 in U.S. Currency*, 2016 WL 233405, at *2 (S.D. Fla. Jan. 20, 2016); *United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 565 (D. Md. 2013); *United States v. United States*, No. CIV.A.09-4139(SRC), 2010 WL 2545549, at *2 (D.N.J. June 18, 2010). In *$104,250.00 in U.S. Currency*, the court explained that the following statement of interest, "This money . . . is the proceeds of my personal

investments in the entertainment industry, and proceeds from mother's estate" was a vague description of claimant's connection to the seized currency and failed to meet the requirements for a claim set forth by Rule G(5)(a). *$104,250.00 in U.S. Currency*, 947 F. Supp. 2d at 562. The court determined the claim to be too vague to make the threat of a perjury prosecution for filing a false claim a true deterrent. *Id.* The court recommended the claimant "spell out" her interest in the property at the outset by identifying the specific "investments" of the entertainment industry and "proceeds" of her mother's estate. *Id.*

In *$67,500.00 in U.S. Currency*, the court held that a verified claim stating the claimant was the owner of the property was a "blanket assertion" that did not sufficiently identify claimant's interest in the property. *$67,500.00 in U.S. Currency*, 2012 WL 1372186, at *1. The *$67,500.00 in U.S. Currency* court struck the claim, allowing the claimant time to amend the claim to "more specifically set forth his interests" in the currency. *Id.* at *2. In *U.S. v. $304,050.00 in U.S. Currency*, No. 2:12-CV-138-JES-UAM, 2012 WL 4953126, at *2 (M.D. Fla. Oct. 17, 2012), the court recognized that requiring more than a "bald assertion of ownership" is consistent with requirements imposed by other courts. *See U.S. v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992) (bare assertion of ownership, without additional evidence, is insufficient to establish statutory standing); *U.S. v. $39,557.00, More or Less, in U.S. Currency*, 683 F.Supp.2d 335, 339 (D.N.J. 2010) (same).

7

On the other hand, at least one court from another jurisdiction has recognized that a "bald assertion" does strictly comply with the rule's requirements. *United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 646 (7th Cir. 2013). The Seventh Circuit has held that a bald assertion of ownership is sufficient to state an interest for the purpose of forfeiture proceedings and "additional assertions required by the judge" have no basis. *Id.* Other courts have declined to follow this reasoning. *See e.g., United States v. $18,690.00 in U.S. Currency*, No. 5:13CV00026, 2014 WL 1379914, at *3 (W.D. Va. Apr. 8, 2014) (bare assertion of ownership does not comply with Supplemental Rule G(5)).

Because Supplemental Rule G(5)(A)(i)(B) is silent on the degree of detail required for a statement of interest in a verified claim, courts have reasoned that they are guided by Supplemental Rule G (1). *See United States v. $140,200 in U.S. Currency*, No. 2:15-cv-00379-AKK, 2016 WL 2986232 at *1 (N.D. Ala. May 18, 2016). In relevant part, this Rule states that "[t]o the extent that this rule does not address an issue . . . the Federal Rules of Civil Procedure also apply." Under Federal Rule of Civil Procedure 8, a pleading must contain a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels and conclusions" and "naked assertion[s] devoid of further 'factual enhancement'" are insufficient to adequately plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550, 557 (2007)). The *$140,200 in U.S. Currency* court held that to comply with Supplemental Rule G(5)(a)(i)(B) and the relevant pleading standards, a claimant must plead facts that would form a sufficient basis to establish

his claim in the Defendant Currency. *$140,200 in U.S. Currency*, 2016 WL 2986232 at 1. Therefore, the court found that the claimant's interest identified as "the currency sought to be forfeited is [his] personal property, seized from [his] personal possession" was insufficient to adequately state his interest in the currency. *Id.* at 2.

Here, the Government seeks to strike Perocier Cabo's answer for lack of statutory standing and moves for entry of default judgment, claiming that Perocier Cabo's claim is deficient in providing a claim of interest and is therefore insufficient to establish statutory standing to contest the forfeiture. The Government concedes that the document titled "Claimant Felix Perocier Cabo's Verified Claim" satisfies all other requirements of a verified claim, (besides identifying his claim of interest) including the identification of the specific property claimed, identification of the claimant, and signature by the claimant under penalty of perjury.[2] Doc. 30 at 2 n.1.

Similar to the claim in *$67,500.00 in U.S. Currency,* Perocier Cabo's statement that, "he is the owner of the currency described in the above captioned matter" is a bald assertion of ownership insufficient to establish a claim of interest in the forfeiture proceeding. *See* Doc. 21 at 8. Therefore, the document titled "Claimant Felix Perocier Cabo's Verified Claim" is deficient as a claim and will be stricken. However, because the Eleventh Circuit has identified forfeiture as a harsh penalty, the Court will grant Perocier Cabo leave to amend his claim. The claim should provide specific factual

---

[2] Perocier Cabo's Answer (Doc. 14) cannot meet the requirements of the verified claim, as the Answer is not signed by Perocier Cabo, only by his counsel. Therefore, regardless of the substance of the pleading, the Answer would fail to meet the requirement that it be signed by the claimant under a penalty of perjury.

9

detail of Perocier Cabo's connection to the currency and claim of ownership, as well as specifically address the origins of the currency. As requested in *$104,250.00 in U.S. Currency*, Perocier Cabo should "spell out" the *exact* interests in the currency at the outset.

### C. A Sufficient Claim Must Precede the Filing of an Answer

In *United States v. $13,970.00 in U.S. Currency*, No. 506-CV-386CAR, 2007 WL 1231659, at *2 (M.D. Ga. Apr. 26, 2007), the court explained that the verified claim is not a mere procedural formality—its purpose is to give timely notice of claimant's interest and deter the filing of false claims through the requirement of a sworn statement. *Id.* The *$13,970.00 in U.S. Currency* court further reasoned that the contents of an answer alone do not fulfill the statutory requirement to file a verified claim. *See id.* at *3. The court concluded that claimant's answer was to be stricken for lack of standing because he did not file a verified claim and filing a verified claim is "a prerequisite to the right to file an answer and defend on the merits." *Id.* (citing *United States v. One Dairy Farm,* 918 F.2d 310, 311 (1st Cir. 1990)).

Many courts have followed similar reasoning—an answer cannot be considered by the court when a claimant has not met the prerequisite filing of a claim. *See e.g. United States v. Fifty Thousand Eight Hundred Twenty-One Dollars ($50821.00) in U.S. Currency*, No. CIV.A. M-12-61, 2012 WL 1854025, at *1 (S.D. Tex. May 22, 2012). In *United States v. Beechcraft Queen Airplane Serial No. LD-24*, 789 F.2d 627, 629 (8th Cir. 1986), the court held that when a claimant files only an answer without a verified

statement, a district court has the ability to strike the answer and enter a default judgment. In *Fifty Thousand Eight Hundred Twenty-One Dollars ($50821.00) in U.S. Currency,* the court held that because the claimant had not filed a verified claim prior to filing her answer, her answer was to be stricken—and because no verified claim had been filed, a default judgment was entered against her. *Fifty Thousand Eight Hundred Twenty-One Dollars ($50821.00) in U.S. Currency*, 2012 WL 1854025, at *1. *See also United States v. One 1984 Chevrolet Van 20 VIN #1GCEG25H3E7147455*, No. CIV-84-1168E, 1986 WL 11792, at *2 (W.D.N.Y. Oct. 17, 1986) (finding that because claimant's answer was not preceded by a claim, it was invalid). In *One 1984 Chevrolet Van 20 VIN #1GCEG25H3E7147455*, the claimant did submit a timely claim; however, it was unverified which contributed to the court entering a default judgment against claimant. *Id*

Because a verified claim under 18 U.S.C. § 983 is necessary for statutory standing in a forfeiture action, and a claim is considered a prerequisite to the right to file an Answer, Perocier Cabo's Answer will be stricken. However, the Court will allow Perocier Cabo to refile his Answer after amendment of his claim. Accordingly, it is

**ORDERED**:

1. The Government's Motion to Strike Answer for Lack of Statutory Standing and for Default Judgment (Doc. 24) is **GRANTED IN PART.**

2. Perocier Cabo's Claim (Doc. 21 at 8) is **STRICKEN WITH LEAVE TO AMEND**. If he so chooses, Perocier Cabo shall have fourteen (14) days from the date of this Order to file an amended verified claim. Any amended claim filed must specifically state facts that set forth his interest in the $35,860.00 of U.S. currency at issue and otherwise comply with all the requirements of 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims. Failure to file an amended claim that complies with the statutory requirements within the time permitted will subject any subsequently filed amended claim to being stricken as untimely.

3. Perocier Cabo's Answer and Affirmative Defenses (Doc. 14) is **STRICKEN WITH LEAVE TO AMEND.** Perocier Cabo shall have twenty-one (21) days from the date of this Order to refile his Answer. Failure to file an Answer within the time permitted will subject Claimant to being defaulted. Any Answer filed without first filing an amended verified claim will be stricken.

**DONE AND ORDERED** in Tampa, Florida on October 3, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties, if any